PETROPLUS, JUDGE:
Swift & Company, Inc., claimant, has filed a claim in the amount of $633.30 against the Department of Highways, respondent, for damages to a motor vehicle owned by it, which was being driven by Robert Irving Price, its salesman, on U. S. Route 50 within the corporate limits of the City of Romney, West Virginia, on March 4, 1973. Mr. Price was driving at a speed of approximately 20 miles per hour through the City of Romney about 6:00 P.M. on the day of the accident, while it was still daylight, and as he approached a large tree, situate on the right of way to the right of the paved portion of the road, a large limb approximately eight inches in diameter broke from the tree and fell on top of his car, crushing the roof, windshield and trunk of the car causing damages in the amount of $633.30 as shown by an estimate filed as an exhibit in this case. The trunk of the tree was located between the paved portion of the road and a paved sidewalk and its overhead branches extended almost entirely across the width of the paved road.
The defense was based on:
(1) The claim is damnum absque injuria
*57 (2) The accident resulted from an Act of God.
(3) The respondent had no notice of any hazard to the travel-ling public.
(4) The respondent is not an insurer of the safety of travelers on the highway.
The evidence at the hearing established that a large deteriorated tree limb which fell upon the car and crushed it was a big and heavy dead branch without foliage, and after it hit the car a lot of rotten wood, brown and decayed, was observed in the roadway. There was no evidence that the appearance of the tree gave any indication that the tree was decayed or rotting. Nor was any evidence introduced by the State to indicate that the condition of the tree had been inspected by the State as part of its routine maintenance service of the highway.
It is a finding of fact of this Court that the tree with its extended branches over the highway was in a decaying condition rendering public travel on the highway unsafe. It is also a finding of fact that the public authority did not have actual notice of the hazard. The State has a duty to keep its highways in repair and reasonably safe for public travel and when injury is sustained by a traveler coming in contact with overhanging limbs of trees growing at the side of a road, outside the paved portion, a question arises whether the State exercised due and ordinary care in permitting the tree to remain, or whether it had a duty to trim and remove the tree. Liability for injury due to the presence of a tree within the boundaries of a highway is not absolute but depends upon negligence or whether the tree constituted a nuisance reasonably likely to render the highway unsafe for public travel.
While the authorities are not in full accord on the liability of a public authority for damages caused by falling trees, or limbs, the majority view is that a decayed tree on the side of a highway constitutes a public nuisance, and that a public authority may be held liable for injuries sustained by travelers as a result of the fall of the tree because of natural decay.
It appeared from the evidence in this case that this tree was located in a well traveled residential section of the City of Romney, and that even though the State had no notice of the decay of the tree, *58 by the exercise of reasonable care the condition of the tree could have been ascertained.
For the foregoing reasons it is the opinion of the Court that an award should be made to the claimant for the full amount of its damages.
Claim allowed in the amount of $633.30.